UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LEONA KYLE,

Plaintiff,

- against -

AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION, LONG ISLAND RAILROAD d/b/a MTA LONG ISLAND RAILROAD, METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY d/b/a MTA NEW YORK CITY TRANSIT, THE CITY OF NEW YORK and NEW JERSEY TRANSIT, and Jane Doe, being an employee of AMTRAK, whose name is currently unknown to Plaintiff,

Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**
20 Civ. 5526 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Leona Kyle brings this lawsuit arising out of her fall on December 23, 2018 on the escalator at Penn Station, New York. Presently before the Court is plaintiff's motion to amend her complaint for the fourth time. For the following reasons, the motion is denied.

# I. Background

## A. Plaintiff's Accident

On December 23, 2018, plaintiff Leona Kyle, then 81 years old, travelled via Amtrak from Stanton, Virginia to Penn Station, New York. ECF No. 18 ("SAC") ¶¶ 58-60. At the time that she purchased her ticket, plaintiff requested wheelchair assistance

from Amtrak. Id. ¶ 65. Plaintiff alleges that she asked and was granted assistance from an Amtrak attendant when boarding the train at Stanton. Id. ¶ 59. In the present version of the complaint, plaintiff alleges that upon arriving at Penn Station, she asked a female Amtrak attendant, whom plaintiff identifies in her complaint as "Jane Doe," for a wheelchair and assistance in retrieving her baggage. Id. ¶ 61. Plaintiff describes this Jane Doe in her complaint as "a dark skinned, heavy set, African-American woman" who was "wearing an AMTRAK uniform," id. ¶ 62, and "at all times an employee of Defendant AMTRAK and at all times relative to this action, was performing services as the servant and representative of Defendant AMTRAK," id. ¶ 18. Jane Doe allegedly then instructed plaintiff to take the escalator upstairs and directed plaintiff to the escalator. Id. ¶ 63. Plaintiff proceeded to the escalator, and, as the escalator was ascending, lost her balance and fell, which resulted in injuries. Id. ¶ 67. Plaintiff further alleges that the Jane Doe did not provide her with assistance after she fell. Id. ¶ 68.

**B. Procedural History**

This action was initially commenced on March 13, 2020, when plaintiff filed a complaint in the Supreme Court of the State of New York, New York County against Amtrak, Long Island Railroad, Metropolitan Transit Authority, New York City Transit Authority, and New Jersey Transit. ECF No. 2-3 at 1-2. Plaintiff thereafter

filed an amended complaint in that same court on March 20, 2020. ECF No. 2-2 at 1. On July 17, 2020, defendants Amtrak, Long Island Railroad, and New Jersey Transit removed this case to this Court on the basis that this Court has original jurisdiction over the action because defendant Amtrak was created by an Act of Congress and more than one-half of its capital stock is owned by the United States. ECF No. 2 at 2. Thereafter, on November 17, 2020, plaintiff filed a second amended complaint. ECF No. 18. This complaint withdrew the claims against the City of New York and the New York City Transit Authority, SAC ¶ 3, and added claims against the Jane Doe defendant, id. ¶ 18. Since this case was removed to this Court, the Court has had four conferences with the parties and granted three substantial extensions of the discovery schedule. ECF Nos. 33, 46, 61.

**C. Proposed Amendments**

Plaintiff now seeks to amend her complaint yet again to allege that there were actually two different Amtrak employees involved in the events leading up to her fall, rather than the one Amtrak employee she had previously sued. See ECF No. 47-1 ("Mot.") at 1. She seeks to name an Amtrak employee named Taja Manning as the Jane Doe who failed to provide assistance to plaintiff after she fell down the escalator, and to add another Jane Doe to represent the Amtrak employee who directed plaintiff to the escalator. Id.

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend pleadings "when justice so requires." Fed R. Civ. P. 15(a)(2). Under that standard, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, . . . or undue prejudice to the non-moving party." Owens v. Textron Fin. Corp., No. 13 Civ. 5948 (VB), 2014 WL 3887181, at *4 (S.D.N.Y. July 14, 2014), aff'd, 590 F. App'x 83 (2d Cir. 2015).[1] When the deadline for filing an amended pleading pursuant to a Court-ordered schedule has passed, courts in this Circuit balance the more lenient standard of Rule 15(a) with Rule 16(b) and require the party seeking to amend a pleading to show good cause. Velez v. Burge, 483 F. App'x 626, 628 (2d Cir. 2012) ("Although [a] court should freely give leave [to amend] where justice so requires, this must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (internal quotation marks and citation omitted). Good cause is lacking where the moving party has not

[1] Where, as here, an amendment seeks to add a party, we also consider Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party "at any time, on just terms." Fed. R. Civ. P. 21. However, Rule 21 "creates no additional obstacle, as the showing necessary under Rule 21 is the same as that required under Rule 15(a) [2]." Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

been diligent in pursuing discovery. Koller-Gurgigno v. City of Yonkers, No. 18 Civ 98 (VB), 2020 WL 6729182, at *2 (S.D.N.Y. Nov. 16, 2020) ("Good cause depends on the diligence of the moving party and is lacking if the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (internal quotation marks and citations omitted).

## B. Application

### 1. Good Cause

This Court entered a scheduling order on April 30, 2021, which established a May 21, 2021 deadline for filing a motion to amend the pleadings or join parties. ECF No. 28. As such, to amend at this late juncture, plaintiff must show good cause why the complaint should be amended. Plaintiff has provided no explanation for her lack of diligence in moving to amend her complaint, and so has failed to show good cause for either her request to name an additional Jane Doe or with her request to name Taja Manning.

First, plaintiff does not explain her delay in moving to amend her complaint to reflect that the Jane Doe she had previously described was actually an amalgamation of two separate Amtrak employees. In fact, it appears from plaintiff's moving papers that plaintiff has believed since the time of her accident that there were two Amtrak employees involved in the events leading up to her fall. Rather than point to any new information or development in discovery, plaintiff's only explanation for her

delay in amending the complaint is that plaintiff did not disclose the fact that there were two Amtrak employees to her counsel until shortly before the statute of limitations lapsed. Mot. at 6 ("Only two days before the statute of limitations was set to expire, Plaintiff was informed by our client that Jane Doe Attendant referenced in the Second Amended Complaint were two different individuals.").[2] Where, as here, "[n]o newly discovered facts motivated these proposed amendments; in fact, plaintiff had been aware of the factual underpinnings of these claims since the outset of this litigation," the plaintiff's request to amend is properly denied. Cty. of Washington v. Ctys. of Warren & Washington Indus. Dev. Agency, 2 F. App'x 71, 75 (2d Cir. 2001).[3]

Likewise, plaintiff has failed to show good cause with respect to the request to name Taja Manning as the prior Jane Doe. Significantly, plaintiff admits that she cannot positively

[2] The Court notes that this sentence is remarkable. There is only one plaintiff in a lawsuit, and it is her knowledge, not counsel's, that is of significance. It is counsel's responsibility to interview their client and ascertain the facts. Indeed, that investigation is supposed to occur before the lawsuit is commenced. Counsel's lack of diligence is not good cause to amend the complaint.

[3] The Court finds it difficult to believe that "the identity of the Amtrak Jane Doe has always been known to Defendants and information contained readily in their possession," Mot. at 6, given that plaintiff has described a Jane Doe in her three prior complaints that plaintiff now acknowledges is an amalgamation of two people. Moreover, the description plaintiff now gives of her new proposed Jane Doe - "a light skinned Black woman," id., conflicts with her previous description of the Jane Doe as a "dark skinned . . . African-American" woman, SAC ¶ 62. The Court finds no fault in defendants failing to disclose the identity of a woman who plaintiff now contends does not exist. The Court further notes that it is plaintiff, and not any of the currently named defendants, who is in the best position to have a recollection of the events around her accident.

identify Manning as the Amtrak employee who failed to assist her after her fall, even after reviewing a photo of Manning. Mot. at 2. Plaintiff's only basis for accusing Manning appears to be that Manning is listed on Amtrak's incident report as a train attendant and an eyewitness of her accident, ECF No. 47-3 at 2, and Manning is African-American, ECF No. 47-3 at 4. Significantly, there is no suggestion that defendants failed to adequately respond to any discovery request designed to identify any Amtrak employee.

Plaintiff's lack of diligence is further underscored by the fact that this case has been ongoing for more than twenty months, during which time the Court has issued numerous extensions to the discovery schedule and held four separate conferences. In fact, during a conference on November 1, 2021, the Court gave plaintiff the suggestion of asking for photographs of all Amtrak employees that could have been the Jane Doe in order to determine the Jane Doe's identity. Rather than act on the Court's suggestion, it appears that plaintiff's only attempts to ascertain the Jane Doe's identity took place in December 2021, when plaintiff served two sets of interrogatory requests regarding Manning. ECF No. 47-3 at 4-8. Since plaintiff squandered her opportunity to take discovery to determine the identity or identities of the alleged Jane Doe, she has not shown good cause.[4] Moreover, this Court agrees with

[4] While plaintiff's motion refers to "countless inquiries" to defendants to determine the identity of the Jane Doe, Mot. at 6, plaintiff does not provide

defendants that it would be punitive to name as a defendant an individual whom plaintiff does not recognize as the Jane Doe who failed to assist her, and thereby put that individual in the position of having to retain counsel and undertake litigation expenses.[5]

### 2. Plaintiff's Proposed Amendments are Unnecessary

There is a second basis on which to deny this motion, namely, that Plaintiff's proposed amendments are unnecessary and therefore "unlikely to be productive." Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."). As defendants argue, plaintiff has alleged that the Jane Doe is an Amtrak employee acting within the scope of her employment, and thus that Amtrak would be liable for any negligence of its employees under the doctrine of *respondeat superior*. See ECF No. 50 at 9-10; SAC ¶ 18. Therefore, plaintiff does not need to name Manning or an additional Jane Doe as a defendant to recover from Amtrak for any harm caused by an employee in the scope of their employment.

---

any details regarding the inquiries that would allow the Court to determine that plaintiff has in fact been diligent.

[5] Further, and not without significance, the Court notes that, as plaintiff cannot identify Manning as the Jane Doe, it is unclear if plaintiff's counsel can name Manning consistent with their Rule 11 obligations.

On reply, plaintiff responds by arguing that she must add Manning and her additional Jane Doe because she is seeking punitive damages. See ECF No. 55 at 6. Specifically, plaintiff cites to 49 U.S.C. § 28103, which states that punitive damages are available for actions against Amtrak where "the harm that is the subject of the action was carried out by the defendant with a conscious, flagrant indifference to the rights and safety of others." 49 U.S.C. § 28103(a)(1). But plaintiff does not explain, and this Court does not see, any connection between plaintiff's desire to recover punitive damages from Amtrak and a need to name individual defendants.[6] Plaintiff's additional reference to municipal immunity under New York law, ECF No. 55 at 6, is even more confusing as the plaintiff has withdrawn her claims as to the City of New York and the New York City Transit Authority, SAC ¶ 3. Since Amtrak would be ultimately liable for the conduct of plaintiff's proposed additional defendants, their addition is unnecessary.

### 3. The Motion is Defective and Time Barred

Plaintiff's proposed amended complaint should be denied for the independent reason that it is time barred. Defendant argues,

[6] Without the benefit of an amended complaint to review, it is far from clear what specific actions plaintiff would assert to meet the threshold for punitive damages. But to the extent that plaintiff is able to recover punitive damages in this action, and without commenting on the merits of this claim, the Court does not see why, as a matter of law, she would not be able to do so from Amtrak. See Williams v. Nat'l R.R. Passenger Corp., No. 12 Civ. 16 (JD) (PRC), 2013 WL 4788119, at *7 (N.D. Ind. Sept. 9, 2013) (holding on a motion to dismiss that "[a]t this stage of the proceedings, Amtrak has not demonstrated that the Amtrak Act prohibits a claim of vicarious liability against Amtrak for punitive damages.").

and plaintiff does not dispute, that where a moving party does not attach an amended complaint to a motion to amend to add a defendant, the statute of limitations continues to run.[7] See Fed. R. Civ. P. 7(b)(1) (A motion must "(B)state with particularity the grounds for seeking the order; and (C) state the relief sought."); see also Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) (holding where plaintiff sought to add a defendant, "[i]n order to satisfy the prerequisite of particularity [of Rule 7] in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought."). Instead, plaintiff argues that her claims against the new defendants she seeks to add are timely because of the relation back doctrine.[8]

Plaintiff does not contest that she cannot rely on the federal relation back doctrine to name a Jane Doe. Under Federal Rule of Civil Procedure 15(c)(1)(C), an amended complaint relates back to the original complaint if, inter alia, the party added by the amendment "knew or should have known that the action would have been brought against it, but for a mistake. . . ." However, "Rule

---

[7] We also note that plaintiff failed to comply with Rule 2(b) of this Court's Individual Practices, which requires a premotion letter explaining the proposed motion and requesting a conference before making a motion.

[8] We note that plaintiff's contention on reply that her motion to amend can be filed outside of the statute of limitations contrasts with much of her moving brief, which further undermines her good cause arguments. See, e.g., Mot. at 7-8 ("Therefore, using all the resources currently in Plaintiff's position, and being up against an impending statute of limitations deadline, Plaintiff has established good cause. . . .")

15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996). Plaintiff freely admits that her reason for initially proceeding against the Jane Doe pseudonymously is that she did not know the Jane Doe's identity. SAC at 1 (stating in the caption that this case is brought against "Jane Doe, being an employee of AMTRAK, whose name in currently unknown to Plaintiff."). Moreover, plaintiff does not allege any reason that the proposed defendants should have known that an action would be brought against them. At most, plaintiff alleges that Manning observed an accident, and that the proposed Jane Doe directed plaintiff to the escalator. Neither of the proposed defendants thus could have reasonably assumed that they would be a defendant in a lawsuit.

However, plaintiff claims that she can relate her claims back under state law. Although this case was removed because this Court has original jurisdiction, we consider state law because in commenting on Rule 15(c), the Rules Advisory Committee directs courts to look to the "'controlling *body* of limitations law' — not merely the limitations law's test for relation back. . . [i]f that law affords a more forgiving principle of relation back than the one provided in [Rule 15(c)], it should be available to save

the claim." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013) (citations omitted) (emphasis in original). As plaintiff has alleged claims under New York State law, see SAC ¶¶ 78-99, we consider whether plaintiff can avail herself of New York's relation back statute, CPLR § 1024.

To benefit from CPLR § 1024, a plaintiff must meet two criteria: "[f]irst, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name. Second, the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." Fischer, 738 F.3d at 519 (internal citations and quotation marks omitted). Plaintiff has failed to meet either criterion.

First, plaintiff has not acted diligently in her efforts to identify the Jane Doe defendant by name. "Section 1024's 'due diligence' requirement is not forgiving. . . Due diligence is not exercised by 'last minute' or token discovery requests." Barrett v. City of Newburgh, 720 F. App'x 29, 33 (2d Cir. 2017). To date, the only concrete steps plaintiff has demonstrated that she has taken to determine the Jane Doe's identity are the two sets of discovery requests she sent in December 2021. More is required to constitute sufficient diligence. See JCG v. Ercole, No. 11 Civ. 6844 (CM) (JLC), 2014 WL 1630815, at *14 (S.D.N.Y. Apr. 24, 2014) (finding lack of due diligence where, in the three years he had to

discover the unknown parties, plaintiff waited until the last minute to submit multiple discovery requests and failed to promptly seek further discovery).

Second, plaintiff has not "fairly apprise[d]" either Manning or Jane Doe that she is the intended defendant. Fischer, 738 F.3d at 519. With respect to Manning, Manning could not have known that she was the Jane Doe in plaintiff's second amended complaint because plaintiff describes that Jane Doe as someone she asked for assistance, and plaintiff now does not allege that she asked Manning for assistance. SAC ¶¶ 62-63; Mot. at 6. Further, the Jane Doe plaintiff now seeks to add could not know that she was the intended defendant because plaintiff's new description of the Jane Doe alleges that she is "'a light skinned Black woman' who was on the platform when Ms. Kyle off boarded her trains and she failed to direct or guide Ms. Kyle to the wheelchair to which she was entitled," Mot. at 6, which similarly contradicts the description that plaintiff had previously given of the Jane Doe. See SAC ¶¶ 62-65. Moreover, the Jane Doe plaintiff seeks to add did not necessarily even observe plaintiff's accident. As such, plaintiff's claim fails to relate back under either state or federal law.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion to amend the complaint is denied. The Clerk of Court is respectfully directed to terminate the pending motion.

**SO ORDERED.**

Dated: New York, New York
May 10, 2022

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE